IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**NYDEED B.K. NASHAD'DAI,**

    **Plaintiff,**

vs.                                         **Case No. 4:03cv297-WS/WCS**

**LIEUTENANT J.A. PICKLES,**
**SERGEANT R.W. LONG,**
**SERGEANT PADGET,**
**SERGEANT PHILMAN,**
**SERGEANT BRYAN,**
**OFFICER D.H. BEVIS,**
**UNKNOWN MAJOR OF SECURITY,**
**UNKNOWN OFFICER #2**
**UNKNOWN OFFICER #3,**

    **Defendants.**

_____/


## O R D E R

The report and recommendation entered by the undersigned on September 19, 2005, doc. 61, was adopted without objection and the case remanded. Doc. 62. Summary judgment was granted in favor of Defendant Sapp and Plaintiff's First Amendment claim for the inability to seek redress of grievances is no longer part of this case. *Id.* This case proceeds solely on the *pro se* Plaintiff's Eighth Amendment claims for the excessive and unnecessary use of force, the denial of medical attention, use of a "management meal" and other unconstitutional conditions of confinement, harassment

on the basis of his race and religion, and an Equal Protection claim.  *Id.*  Plaintiff's claims are against Defendants in both their official and individual capacities; however, they proceed only for prospective injunctive relief as official capacity claims.  *Id.*

While the special report was designed to streamline the discovery process in cases of this nature, the Court realizes that the parties may wish to conduct further discovery prior to proceeding to an evidentiary hearing or trial.  Indeed, there are three Defendants who are unknown and who, obviously, remain unserved.  *See* doc. 61, p. 2.  Thus, the parties will be given an opportunity to file motions showing good cause to engage in additional discovery and detailing the nature and scope of any discovery they deem necessary.  In showing good cause, such a motion must clearly demonstrate that there is a need for the materials sought, that the materials are relevant to developing material issues not already covered through the special report process, that the information is not otherwise available to the party, and the discovery is necessary to provide a full and fair hearing on the merits.  A sufficient showing of good cause is especially important in cases such as this where the dispute concerns facts which are as much within the knowledge of Plaintiff as the Defendants.  Any proposed discovery requests *must* be attached to the motion.  The parties shall not file a reply to any motion for discovery that may be filed until directed to do so by the Court.

Finally, in accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a prepared form for consenting to trial by a magistrate judge.  If Plaintiff wishes to consent, he shall sign the form and send it to counsel for Defendants.  If Defendants wish to consent, the form shall be signed and returned to the Clerk.

Accordingly, it is

**ORDERED:**

1. The parties shall have until **January 13, 2006**, to file motions detailing the scope and nature of any further discovery necessary, and showing good cause for a need to conduct such discovery.

2. Pursuant to 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by a magistrate judge, properly completed with the case number identified. If Plaintiff wishes to consent, he shall sign the form and send it to counsel for Defendants. If Defendants wish to consent, the form shall be signed and returned to the Clerk no later than **January 13, 2006**.

3. The Clerk shall return this file to the undersigned no later than January 13, 2006.

**DONE AND ORDERED** on December 5, 2005.

                                                s/   William C. Sherrill, Jr.
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**